UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-18-TRM-MJD |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |

---

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-19-TRM-MJD |
| JOE BIDEN, *et al.*, | ) | |
| Defendants. | ) | |

---

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-20-TRM-MJD |
| FEDERAL AVIATION ADMINISTRATION, | ) | |
| Defendant. | ) | |

---

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-21-TRM-MJD |
| DONALD J. TRUMP, | ) | |
| Defendant. | ) | |

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-34-TRM-MJD |
| PORTFOLIO RECOVERY ASSOCIATES LLC, *et al.*, | ) | |
| Defendants. | ) | |

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-35-TRM-MJD |
| BILL LEE, Governor, | ) | |
| Defendant. | ) | |

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:25-CV-36-TRM-MJD |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, *et al.*, | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Charles Michael Ross filed the seven above-styled cases pro se and without prepayment of fees. Each case has a pending motion to proceed *in forma pauperis* ("IFP"). All complaints and other relevant filings have been reviewed. For the reasons stated below, the Court **RECOMMENDS** all of these cases be dismissed pursuant to 28 U.S.C. § 1915(e), and each of the IFP motions be **DENIED** as moot. The Court further **RECOMMENDS** Plaintiff be declared a vexatious litigant as of the date of entry of this report and recommendation.

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit, when the litigant demonstrates he is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss such a complaint if it is frivolous, it fails to state a claim upon which relief can be granted, or it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). Rather, a complaint must contain sufficient facts

3

to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

A "frivolous" claim, subject to dismissal under § 1915(e)(2)(B)(i), is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327-28.

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

4

## II.     ANALYSIS

The Court will briefly address the allegations in the complaints addressed in this report and recommendation for the sake of the record.

In case no. 1:25-cv-18, Plaintiff alleges a conspiracy exists among state and federal government officials[1] because two letters he attempted to mail in June 2024 allegedly were not delivered, and he was not given a refund when he complained six months later. Case no. 1:25-cv-19 also relates to mail Plaintiff claims was not delivered, which he believes was intercepted and read by "Joe Biden, the United States Supreme Court, and the Supreme Court of Tennessee" [Doc. 2 in case no. 1:25-cv-19]. He claims that after the letters were mailed, he was retaliated against in various ways, including, but not limited to, receiving a tax bill and having his PACER account disabled for nonpayment of fees. In case no. 1:25-cv-21, Plaintiff is attempting to sue President Donald J. Trump, seemingly because Plaintiff mailed him a letter related to six lawsuits Plaintiff filed in the Eastern District of Tennessee in 2024. Plaintiff alleges he suffered damages because the President did not intervene to prevent the dismissal of these cases. Case no. 1:25-cv-35 makes very similar allegations as case no. 1:25-cv-21; however, in -35, Plaintiff alleges it was Tennessee Governor Bill Lee who failed to "take[] action" to "give [Plaintiff] relief" [Doc. 2 in case no. 1:25-cv-35].

Plaintiff shifts gears away from mail-related claims in case no. 1:25-cv-20, in which Plaintiff seeks $500 million from the Federal Aviation Administration for its alleged failure to properly restrict or prohibit "noisy low flying propeller aircraft" from flying over his residence and other areas in Hamilton County [Doc. 2 in case no. 1:25-cv-20]. He suggests the FAA's response, indicating it lacks authority to direct altitudes and flight patterns for aircraft not relying on Air

---

[1] Plaintiff asserts the existence of conspiracy in each of the seven complaints addressed herein.

Traffic Control, evidences a conspiracy against him "by the President, Judges, Officials, and Employees of the State of Tennessee and the United States Government." [*Id.*].

Case no. 1:25-cv-34 relates to a debt collection action against Plaintiff in state court. It appears to be a continuation of a prior lawsuit, 1:24-cv-208, which was dismissed at the initial § 1915 screening stage because it was frivolous. The order dismissing case no. 1:24-cv-208, Doc. 11, includes the following admonition: "[T]he Court notes that Plaintiff's numerous filings in the last few months largely relate to the same or similar subject matter. Plaintiff is **CAUTIONED** that litigants who abuse the judicial process may be subject to sanctions, including reasonable restrictions on court access." (emphasis in original).

Finally, in case no. 1:25-cv-36, Plaintiff seeks $20 million to compensate him for "undue stress, lost time and resources," and "mistrust" allegedly caused by completing IFP applications for the fourteen cases he has filed in less than a year in this Court. He complains he has "had to use greater than 160 pages of printer paper for the sole purpose of in forma pauperis forms" and once again alleges a conspiracy against him "by Presidents, Governors, judges, officers, officials, and employees of the state of Tennessee and the United States." [Doc. 2 in case no. 1:25-cv-36].

It is unnecessary to list any further examples of Plaintiff's patently frivolous allegations or to provide additional analysis regarding Plaintiff's claims. None of these cases are supported by anything other than naked assertions and conclusory statements that fall far short of stating a facially plausible claim. Even when liberally construed, Plaintiff's bald assertions do not support any inference—let alone a reasonable one—that the named defendants are liable for the conduct described in the complaints. Furthermore, justice would not be served by granting Plaintiff leave to amend any of these complaints. *See* Fed. R. Civ. P. 15(a). There is simply no way to transform

what can only be described as seriatim meritless rants into a proper claim, against a non-immune defendant, over which this Court has jurisdiction.

In addition to the cases addressed herein, Plaintiff filed ten lawsuits in this Court between June 10, 2024, and August 19, 2024. While some remain pending because they have not yet been screened, several have already been dismissed as frivolous, as detailed in *Ross v. State of Tennessee*, 1:24-cv-196, Doc. 17 (discussing cases and Plaintiff's pattern of vexatious filings). Indeed, in dismissing case no. 1:24-cv-196, the Court referred Plaintiff to Chief Judge Travis McDonough for consideration of whether injunctive measures were appropriate at that time—in other words, the Court had already found Plaintiff to be a vexatious litigant even before Plaintiff filed the new batch of seven cases addressed herein.

A staggering amount of public resources have already been wasted addressing Plaintiff's lawsuits. Given Plaintiff's documented history of frivolous and duplicative filings and his history of failing to comply with applicable law and court procedures, the Court has determined it is appropriate to recommend that Plaintiff be enjoined from making further filings in the court without obtaining prior approval. In making this determination, the Court finds that no other means of addressing Plaintiff's conduct would be adequate to prevent Plaintiff from further wasting judicial resources. Indeed, the prior referral for injunctive measures in case no. 1:24-cv-196 had no deterrent effect.

### III. CONCLUSION

For the reasons set forth above, this Court **RECOMMENDS**[2] the seven above-styled cases be **DISMISSED** and closed, and the pending motions for IFP in each case be **DENIED AS**

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas*

**MOOT**. This Court further **RECOMMENDS** Plaintiff be permanently enjoined from making further filings in the court without obtaining prior approval. This matter is to be presented to Chief District Judge Travis R. McDonough, the presiding district court judge in this matter, under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), and pursuant to the Court's policy regarding the process for seeking to have a litigant declared vexatious.

Finally, in light of the Court's previous warnings to Plaintiff, this Court **RECOMMENDS** the permanent injunction be made retroactive to the date of entry of this report and recommendation, such that any lawsuits Plaintiff files between now and entry of the permanent injunction are subject to being summarily dismissed and closed upon entry of the permanent injunction.

ENTER:

s/ _MIKE DUMITRU_
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

*v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).